UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kevin Patrick Bruce,**

**Plaintiff,**

v.

Case No. 2:08-CV-00371
JUDGE SARGUS
Magistrate Judge Abel

**John E. Potter, Postmaster General,
United States Postal Service**

**Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant John E. Potter, Postmaster, United States Postal Service's ("Defendant" or "USPS") Motion to Dismiss (Doc. #9) and Motion for appointment of counsel. (Doc. #12).

## I.

On April 17, 2008, Plaintiff Kevin Patrick Bruce tendered a complaint to the Clerk of Court, and filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. 1915(b). The Court granted Plaintiff's motion on April 29, 2008, and accepted his complaint for filing. (Doc. #2, 4). Plaintiff's complaint, in its entirety, states as follows:

> Unlawful employment practices and unlawful termination from federal employment with the United States Postal Service
> John E. Potter USPS Federal Agency Head (Postmaster General)
> March 2005 to present for dates of actions
> Columbus Ohio Place

The complaint was prepared on the form provided by the Clerk of Courts, which directs pro se litigants to: "Write as briefly as possible the facts of your case. Describe how each

defendant is involved. Include the name of all persons involved. Give dates and places."
(Doc. #4).

Defendant has now moved to dismiss the complaint under Civil Rule 12(b)(6) for failure to state a claim. On June 4, 2008, Plaintiff opposed the motion by filing a one-page memorandum accompanied by four attachments: one page from the EEOC's website; one undated page of what appears to be part of a settlement agreement between USPS and Plaintiff; one page of notes from Plaintiff's interview with the USPS on May 23, 2005, and an illegible memorandum on USPS letterhead. On June 18, 2008, Plaintiff filed a motion requesting to have an attorney appointed to represent him (doc. #12).

## II.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).

In considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in favor of plaintiff, accept the factual allegations contained in the complaint as true, and determine whether plaintiff has pled enough facts to state a claim that is plausible on its face. *See Bell Atlantic Corp.*, 127 S. Ct. at 1964–65, 1974; *Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

To state a claim upon which relief can be granted, a complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some

viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). The plaintiff need not plead detailed factual allegations. To survive a motion to dismiss, however, he is obligated to provide the grounds for his claim with more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S.Ct. 1955, 1964-65 (2007).

"A pro se complaint must be held to 'less stringent standards than formal pleadings drafted by lawyers.' *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (per curiam). That said, we 'need not accept as true legal conclusions or unwarranted factual inferences.' *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003).

Plaintiff's complaint alleges simply: "Unlawful employment practices and unlawful termination from federal employment with the United States Postal Service." (Compl.). In his memorandum in opposition to Defendant's motion to dismiss, Plaintiff states:

> Mr. Bruce is entitled to Relief because he was unlawfully terminated from his USPS employment; Mr. Bruce was subjected to Disparate Treatment; Mr. Bruce was presented with a Waiver of Mr. Bruce's Equal Employment Opportunity Rights, On United States Postal Service letterhead stationary; Waivers of EEO rights are contrary to Federal Anti-Discrimination statutes, and are unenforceable; Waivers of EEO rights are also separate, discrete violations of civil rights statutes.

and

> Mr. Bruce exercised his Rights to file a complaint with the U.S. Equal Employment Opportunity Commission. Agents of the USPS illegally retaliated against Mr. Bruce for exercising his Rights.

(Doc. #10).[1]

---

[1] The documents Plaintiff attached to his memorandum are outside the pleadings, and will not be considered in connection with Defendant's motion to dismiss. *Galaxie Corp. v. Bank of*

In *Russell v. Tennessee Dept. of Correction*, 99 Fed. Appx. 575, 577 (6th Cir. 2004), the Sixth Circuit Court of Appeals affirmed dismissal of a pro se complaint, explaining:

> The complaint simply stated that Russell was denied a promotion because of his race and color. The complaint contained neither details surrounding the alleged denial of a promotion nor any facts supporting such claim. Russell did not allege that he applied for a promotion, was qualified for a promotion, was considered for a promotion, or that a similarly-qualified employee who was not a member of the protected class received a promotion. *See Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999). Thus, even under the most liberal construction, Russell's complaint failed to state a claim upon which relief may be granted.

The Sixth Circuit has also affirmed dismissal under Rule 12(b)(6) of a plaintiff's claim that she was "wrongfully discharged by the Defendant in violation of [Ohio's then-existing age discrimination statute]" and that her termination was "discriminatory in nature." *Scheid*, 859 F.2d at 437. The plaintiff "failed to allege, directly or inferentially, *any* facts [suggesting] . . . that she was replaced by a younger person, or any facts suggesting that age was a factor in her termination." *Id.*

In this case, Plaintiff has failed to allege *any facts* whatsoever supporting his claims, whether identified in his complaint or his memorandum in opposition. The complaint does not contain "either direct or inferential allegations respecting all the material elements to sustain a recover under some viable legal theory." *Id.* at 436. The Court cannot accept "non-specific factual allegations and inferences or unwarranted legal conclusions" and "is not required to either

---

*Am., N.A.*, 165 F.3d 27 (6th Cir. 1998) ("The court's inquiry is limited to whether the challenged pleadings set forth allegations sufficient to make out the elements of a right to relief.") (citations omitted). Moreover, even if the Court was inclined to consider the documents and convert the motion into one for summary judgment, the documents attached to Plaintiff's memorandum are, in turn, unauthenticated, incomplete, illegible, and accordingly, inadmissible.

guess the nature of or create a litigant's claim." *Russell*, 577 (citing *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); Fed. R. Civ. P. 8(a); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Without allegations of specific conduct by any person at any time or place, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted.

### III.

Under Civil Rule 15, the Court is not convinced that allowing Plaintiff the opportunity to amend his complaint would be futile. Plaintiff may, if he elects, amend his complaint to add specificity to his claims as required by Civil Rule 8, within 20 days of the date of this Opinion and Order. Failure to amend will result in dismissal of the complaint for failure to state a claim under Civil Rule 12(b)(6).

Plaintiff's motion to have counsel appointed (doc. #12) is denied. Defendant's Motion to Dismiss (doc. #9) is denied, without prejudice.

**IT IS SO ORDERED.**

10-24-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5